People of Porto Rico, Plaintiff and Appellee, v. Juan Andrés Llorens, Defendant and Appellant.

No. 3127.   Argued March 30, 1927.—Decided April 25, 1927.

*Nazario & García Méndez* for the appellant. *José E. Figueras* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

This case was tried before the District Court of Mayagüez which found the defendant guilty of carrying a knife, a forbidden arm, on a public municipal road. The defendant took this appeal and alleges as error that the evidence on which he was convicted was weighed erroneously.

There was a dispute between Juan Andrés Llorens and Enrique Quiñones about a boundary of their respective properties and while a surveyor was measuring them the appellant arrived at the place and an argument started between them in regard to one of the boundary posts, whereupon Llorens drew a knife more than nine inches long.

The main contention of the appellant is that he was on his property when he drew and used the weapon and therefore that he should not have been convicted; but the trial court seems to have admitted that view, because it did not sentence him for carrying the arm in that place, but for carrying it on the public road.

The evidence shows that Llorens reached the place of the boundary in dispute by a public road, as was testified by the witnesses for the prosecution and by the appellant himself, who said at the trial that he had left his house and gone along the road between Rosario and San Germán. As it has been shown that he went along a municipal road to

reach the place where he afterwards drew a forbidden weapon, it must be inferred that he was carrying the weapon while going along the highway, and therefore the court did not err as alleged.

The second ground of the appeal is that the trial court should have held that the offense of carrying the forbidden weapon was merged in that of. murder for which the appellant had been charged and acquitted. There is no trace in the record of any such charge and acquittal and therefore we are not in a position to consider the question, aside from the fact that it has already been decided against the appellant in the case of *Ex parte Torres,* 11 P.R.R. 98.

The same thing may be said of the third and last assignment on appeal, in which it is contended that the trial court abused its discretionary power in not suspending the execution of the judgment in compliance with Act No. 19 of 1914, p. 151, on the grounds that it was a case of misdemeanor and that the appellant was more than sixty years old and had not been previously convicted of any crime. Although the above statements were made by the appellant's counsel in the trial court, we find nothing in the record to confirm them, aside from the fact that that is a discretionary power conferred by the law and it has not been shown to have been abused.

Judgment affirmed.